UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Andre Eady,<br>individually and on behalf of all others similarly situated,<br>Plaintiff(s)<br><br>-v.-<br><br>United Collection Bureau, Inc.,<br>LVNV Funding LLC,<br>Defendant(s). | Civil Action No: 2:22-cv-10677<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Andre Eady, a Michigan resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant United Collection Bureau, Inc. ("Defendant UCB") and Defendant LVNV Funding LLC ("Defendant LVNV"), collectively referred to as ("Defendants'), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.  The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to

protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Michigan consumers under §1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Michigan, County of Wayne.

8. Defendant UCB is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process through its

registered agent, c/o CSC-Lawyers Incorporating Service (Company), 2900 West Road, Suite 500, East Lansing, Michigan 48823.

9. Upon information and belief, Defendant UCB is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process through its registered agent, c/o CSC-Lawyers Incorporating Service (Company), 2900 West Road, Suite 500, East Lansing, Michigan 48823.

11. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:
    a. all individuals with addresses in the State of Michigan;
    b. to whom Defendant UCB sent an initial letter;
    c. attempting to collect a consumer debt;
    d. providing multiple address;
    e. without identifying the correct address to which to send a dispute;
    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempts to collect and/or has purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any

      questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats the above allegations as if set forth here.

22. Upon information and belief, some time prior to November 10, 2021, Plaintiff allegedly incurred a debt to non-party Sterling Jewelers, Inc.

23. The alleged debt arose from a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

24. Sterling Jewelers, Inc. is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief, Defendant LVNV purchased the allegedly defaulted debt of Sterling Jewelers, Inc. Therefore, Defendant LVNV is a "debt collector" as the phrase is defined by 15 U.S.C. § 1692a (6).

26. Upon information and belief, Defendant LVNV collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone, and internet.

27. Upon information and belief, Defendant LVNV contracted with Defendant UCB for the purposes of debt collection. Therefore, Defendant UCB is a "debt collector" as the phrase is defined by 15 U.S.C. § 1692a (6).

28. Defendant UCB collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone, and internet.

<u>*Violation I – November 10, 2021 Letter*</u>

29. On or about November 10, 2021, Defendant UCB sent Plaintiff an initial collection letter ("the Letter"). A copy of this letter is attached as **Exhibit A**.

30. The Letter provides multiple addresses in which Defendant UCB will allegedly receive correspondence.

31. The upper left-hand corner of the Letter provides an address of "United Collection Bureau, Inc., 5620 Southwyck Boulevard, Toledo, Ohio 43614."

32. The bottom of the page contains two separate addresses for Defendant UCB.

33. First, the payment tab contains an address for an unspecified entity. Specifically, the Letter states "CU027000, PO Box 1280, Oaks, PA 19456-1280."

34. Separately, the payment tab directs payment to be made as follows: "United Collection Bureau, Inc., PO Box 1116, Maumee, Ohio 43537-8116."

35. In addition to providing three addresses without advising Plaintiff as to the purpose of each or to which one disputes should be sent, the Letter ostensibly provides the notices as required by 15 U.S.C. § 1692g regarding disputing the debt.

36. Specifically, the Letter states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain a verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

37. However, as noted, the Letter lists multiple addresses for the Defendant:

      a.  United Collection Bureau, Inc., 5620 Southwyck Boulevard, Toledo, Ohio 43614;

      b.  United Collection Bureau, Inc., PO Bos 1116, Maumee, Ohio 43537-8116

      c.  CU027000, PO Box 1280, Oaks, PA 19456-1280

38. As noted, the first address is listed on the top of the Letter appearing as a standard letterhead.

39. The second and third addresses are both included in the pay slip at the bottom of the Letter.

40. None of the three addresses are specifically identified as the correct address to which to send a dispute.

41. In the body of the letter, Defendant UCB only states: "Unless you notify **this office** within 30 days after receiving this notice that your dispute the validity of the debt…"

42. However, Defendant UCB does not identify which address is specifically associated with "this office."

43. Plaintiff therefore did not know how to properly dispute the debt and exercise his rights under § 1692g.

44. Because of this, Plaintiff expended time and money in determining the proper course of action, resulting in concrete harm to Plaintiff.

45. Consumers have a right to receive accurate notice of their statutory rights.

46. Providing multiple addresses without identifying which was correct to dispute the debt was deceptive, false, and misleading.

47. These violations by Defendant UCB were knowing, willful, negligent, and/or intentional, and Defendant UCB did not maintain procedures reasonably adapted to avoid any such violations.

48. Defendant UCB's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

49. Defendant UCB's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not exercise his right to dispute the validity of the debt.

50. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the Letter to his detriment.

51. As a result of Defendants' violations, Plaintiff expended time, money, and resources to determine how to respond to Defendant UCB's debt collection activities.

52. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

53. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

54. As it relates to this violation, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

55. Now, consumers have a right to receive proper notice of their right to dispute the validity of the debt. When a debt collector fails to effectively inform the consumer of their right to

dispute the validity of the debt, in violation of statutory law, the debt collector has harmed the consumer.

56. As a result of Defendant UCB's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

57. Plaintiff repeats the above allegations as if set forth here.

58. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Defendants violated 15 U.S.C. §1692e:

   a. By deceptively and/or misleadingly providing multiple addresses and not identifying which one should be used to dispute the debt, in violation of § 1692e (10).

61. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

62. Plaintiff repeats the above allegations as if set forth here.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

65. Defendant violated this section by:

   a. failing to properly advise Plaintiff as to the address to which disputes should be sent.

66. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

67. Plaintiff repeats the above allegations as if set forth here.

68. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

69. Pursuant to 15 U.S.C. §1692g (a):

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   1. The amount of the debt;
   2. The name of the creditor to whom the debt is owed;
   3. A statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
   4. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

     5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

70. Pursuant to 15 U.S.C. § 1692g(b):

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

71. The notices of the address to which disputes should be sent must be clearly conveyed so that the consumer is clearly advised as to whom the alleged debt is owed and where he can dispute the same.

72. Defendants violated this section by:

    a. Providing multiple addresses and not identifying which one to use for disputing the debt, thereby failing to provide the proper notice required by § 1692g in an initial collection letter;

    b. Providing multiple addresses and not identifying which one to use for disputing the debt, thereby overshadowing and/or creating inconsistencies with the

disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor, in violation of § 1692g(b).

73. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andre Eady, individually and on behalf of all others similarly situated, demands judgment from Defendant UCB and Defendant LVNV, as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

  f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: March 29, 2022 | Respectfully submitted, |
| | By: <u>s/ Yaakov Saks</u><br>Yaakov Saks, Esq.<br>Stein Saks, PLLC<br>One University Plaza, Suite 620<br>Hackensack, NJ, 07601<br>(201) 282-6500 x101<br>ysaks@steinsakslegal.com<br>*Attorneys for Plaintiff* |